Christian, J.,
delivered the opinion of the court.
The question we have to decide arises upon the following facts: Kepler conveyed by deed to Fitzhugh, trustee, a certain tract of land, to secure to Rowe the payment of the purchase money of said land, amounting to the sum of eight thousand six hundred and eighty dollars, evidenced by five bonds payable by-Kepler to Kowe as follows: the first for $1,540, payable on the 1st January 1871; the second for $1,000, payable on 1st January 1872; the third for $2,000, payable 1st January 1878; the fourth for $2,000, payable-1st January 1874; and the fifth for $2,140, payable on 1st January 1875.
Hone of these bonds being paid at maturity, the trustee sold the land in execution of his trust. The net proceeds of said sale amounted to the sum of $4,338.36, leaving a large deficiency in the trust fund for the payment of the bonds secured by the trust deed. All of these bonds were assigned by Rowe.. He first assigned the bond for $1,000, payable the 1st January 1872 to Moncure. He afterwards assigned to-McGee the bond of $1,540, payable on 1st January 1871; and afterwards the three remaining bonds were-assigned to Gordon. The fund not being sufficient to pay all, the question arises whether these assignees are to be paid pro rata, or according to the priority of the several assignments. The circuit court decreed *837 that the fund should he paid to the assignees in the order of the assignment of the several bonds respectively; first, to the payment of the bond held by cure, that being the first assigned; second, to the bond held by McGee; and third, the balance, if any, to be paid to Gordon. From this decree, on petition of Gordon, an appeal was allowed by this court.
The court is of opinion that there is no error in the •decree of the circuit court. An assignee is a purchaser for valuable consideration of all the securities of the assignor and of all his remedies. Martin v. Nowlin, 2 Burr. R. 978; Jackson v. Willard, 4 John. R. 41; 1 Mad. Ch. 435.
Both deeds of trust and mortgages are regarded in equity as mere securities for the debt, and whenever the debt is assigned, the deed of trust or mortgage is assigned or transferred with it. 2 Lead. Ca. in Eq., pt. 2, p. 236; 1 Lomax Dig. 220; McClinitic v. Wise’s adm’rs & als., 25 Gratt. 448. The assignee may use these securities and remedies of the assignor as freely and beneficially as could the assignor himself, to whom it was indisputably competent to hold the trust deed as security for the instalment due on a particular bond.
Judge Tucker lays down the rule as follows: “It is said, if several bonds be secured by mortgage, and the fund prove insufficient to pay all, and the bonds be assigned to different persons, who shall have priority? I should conceive he should have preference who was first assignee, for by the assignment he at once acquired preference over his assignor, who then remained the holder of the other bonds; and this preference would not be taken away by subsequent assignments.”
In McClintic v. Wise’s adm’rs, supra, p. 454, Judge Staples, delivering the opinion of the court, says: “It seems to me the assignment of the bond carries with *838 it so much of the lien as is necessary to pay the bond-If the vendor means to restrict or qualify the effect of' the assignment, he should do so by express reservation. In the absence of such reservation, or of some stipulation qualifying the rights of the parties, the assigneemay justly regard the assignment as securing to him the benefit of the lien, so far as it is necessary to his-protection or indemnity.”
The case before us is a stronger case for asserting the lien in favor of the first assignee than that of MeClintie v. Wise. In that case the assignor retained the bond first due, and assigned the bond which last matured. In that case priority was declared in favor of the assignee, although the bond retained by the vendor was first due. Here the appellees (Moncure and McGee'} not only have priority in the date of the assignment,, but the bonds assigned to them fell due before those assigned to Gordon.
If these latter bonds had been retained by the vendor, it is plain that he could not have successfully asserted his right in a court of equity to any part of the; fund arising from a sale of the. trust subject until after the assignees of the bonds first due and assigned by him had been satisfied. And why? Because he had certainly the right to order a sale of the trust property whenever anyone of the bonds became due and there was default in payment. This was the security and the remedy of the vendor. This security and this remedy was transferred by him to the assignees. With the assignment went the lien for the payment of the bonds assigned. Having transferred the bonds first due, the vendor could only subject the fund to the payment of the remaining bonds after those assigned had been satisfied. The assignees having this preference by the assignment over the assignor, cannot be divested *839 of their rights by any subsequent assignment. Gordon, the subsequent assignee of the bonds last due, can have no better rights or larger remedies than the vendor. He simply stands in his shoes, having all his rights and remedies, but no other, and cannot deprive the first assignees of the rights and remedies transferred by the same assignor to them before the assignment to him.
As between the assignees, the maxim prior in tempore portior in jure must apply; and the appellees having the first assignment of the debts first due must be paid first.
In some of our sister states, the question here considered has been the subject of judicial consideration, and the decisions have been somewhat conflicting.
In Alabama it was held, that where several notes taken for the purchase money of land are assigned at different times, the assignment of each note íbpro tanto an assignment of the vendor’s lien, unless expressly waived; and the liens of the several assignees are to be preferred according to the priority of their assignments without reference to the maturity of the notes. Criggsby v. Hair, 25 Alab. R. 327. See also 9 Alab. R. 645, and 4 Alab. 492.
In Pennsylvania, on the other hand, it was held that where a mortgage is given to secure a debt payable in instalments at various times, and five of the bonds were assigned, and the balance retained by the holder, and the fund arising from a sale of the mortgaged premises is insufficient to pay all, the respective assignees, and the mortgagee are entitled to a pro rata dividend of the proceeds. Donley, assignee of McKean v. Hays, 17 Serg. & Rawle 400. In this decision, however, Mr. Chief Justice Gibson dissented in an able and learned opiniou; and I think the dissenting opin *840 ion is the better law. Mr. Minor, the distinguished and learned professor of law at the University of Virginia, in his valuable “Institutes,” referring to a number of authorities, says:
“ When there are several notes secured by one mortgage, assigned to successive assignees, and the mortgage is insufficient to pay all, it is the better opinion that they are to be paid in the order of priority of assignment: for upon the first assignment the assignee, upon a deficiency of the fund, would certainly be preferred to the assignor; and any subsequent assignee of any other of the notes could only take subject to all equities; and standing in the same position with the assignor, be excluded, like him, from coming in on the security until the claim of the first is satisfied. It will be observed that this principle is analogous to that which prevails when land, subject to a prior lien, is sold to successive purchasers.” 2 Minor’s Institutes, p. 347, and authorities there cited.
The counsel for the appellant, in the very able and elaborate note of argument submitted by them, lay much stress upon the provision of the Code, §§ 5 and tí, ch. 117 (Code 1,860). These provisions, in my opinion, have no effect upon the question arising in this case, and do not apply to such a deed as the one under consideration. The fifth section simply prescribes what may be the form of a deed of trust “to secure debts or indemnify securities.” The sixth section provides, that when sale is made under such a deed, the trustee “shall apply the proceeds of sale first to the payment of expenses attending the execution of the trust, including a commission of five per cent, on the first three hundred dollars, and two per cent, on the residue of the proceeds, and then pro rata (or in the order of priority, if any prescribed by the. deed,) to the pay *841 ment of the debts secured, and the indemity of the sureties indemnified by the deed, and shall pay the surplus, if any, to the grantor, his heirs, personal representatives or assigns.”
This provision manifestly applies to deeds of trust, •securing different creditors and sureties; to cases where more than one debt is secured, and more than one surety indemnified. These sections certainly do not apply to a deed where a single debt is secured. It was never intended, and cannot be so construed, to fix the rights of assignees of an instalment of the same ■debt which has been assigned for value. The deed of Kepler is not a statutory deed “to secure debts or indemnify sureties,” but is an ordinary deed of trust to secure a single debt, payable in instalments, to a single •creditor, payable at different times prescribed in the deed, and assigned at different periods to different assignees. To such a case the fro rata distribution prescribed by the statute can have no application, but the assignees, upon a deficiency of the trust fund, must be paid according to the priorities of their respective assignments.
Upon the whole, I am of opinion that there is no error in the decree of the circuit court, and that the same must be affirmed.
Degree affirmed.